UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00076-FDW-DSC

| | |
|---|---|
| AXJO AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| VANDOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on the parties' Claim Construction Briefing (Docs. Nos. 21-25). The parties' respective positions have been fully briefed, and the Court heard argument and received evidence during a hearing on August 16, 2018, at 2:00 p.m. in Courtroom #1-1 of the Charles R. Jones Federal Building, 401 W. Trade Street, Charlotte, NC 28202.

"[T]he construction of a patent, including terms of art within its claim, is exclusively within the province of the court." Markman v. Westview Instruments, Inc., 517 U.S. 370, 372, 116 S. Ct. 1384, 1387, 134 L. Ed. 2d 577 (1996). A patent describes "the exact scope of an Invention and its manufacture to 'secure to [the patentee] all to which he is entitled, [and] to apprise the public of what is still open to them.'" Id. at 373 (citation omitted). The claims of a patent define the patented invention to which the patentee is entitled the right to exclude. Id., at 373–374; Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed.Cir. 2005) (en banc) (citations omitted).

"It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history. Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." Vitronics Corp. v. Conceptronic, Inc., 90

F.3d 1576, 1582 (Fed. Cir. 1996) (citation omitted). The court should generally give the disputed claim terms their "ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." Phillips v. AWH Corp., 415 F.3d 1303, 1312, 1313 (Fed. Cir. 2005). A person of ordinary skill in the art is deemed to read the claim terms not only in the context of the particular claims in which the disputed terms appear, but also in the context of the entire patent. Id. at 1313.

When proper construction of a claim term remains unclear after consideration of intrinsic evidence, courts may consider extrinsic evidence including expert testimony, inventor testimony, learned treatises and other sources. Phillips v. AWH Corp., 415 F.3d 1303, 1312-13 (Fed. Cir. 2005). Courts may need "to consult extrinsic evidence in order to understand . . . the background science or the meaning of a term in the relevant art during the relevant time period." Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc., 135 S. Ct. 831, 841 (2015). Courts have broad discretion to consult extrinsic evidence such as dictionaries, technical treatises, and expert testimony. Markman v. Westview Instruments, Inc., 52 F.3d 967, 980 (Fed. Cir. 1995). "[T]he context of the surrounding words of the claim also must be considered in determining the ordinary and customary meaning of those terms." Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc., 334 F.3d 1294, 1299 (Fed. Cir. 2003).

"It is critical for trial courts to set forth an express construction of the material claim terms in dispute, in part because the claim construction becomes the basis of the jury instructions, should the case go to trial." AFG. Indus. v. Cardinal IG Co., 239 F.3d 1239, 1247 (Fed. Cir. 2001).

Bearing these principles in mind and applying them to the record before the Court, the parties' disputed claim terms are hereby construed as follows:

| CLAIM TERM | COURT'S CONSTRUCTION |
|---|---|
| *U.S. Patent No.5,897,075 ("the '075 Patent")* | |
| **engage; engaging** | "in contact with" |
| **ribs** | "elongated structural or supporting member" |
| **registration** (as used in "to facilitate registration of a reel assembly including the flange . . . and to retain the reel assembly in registration with the second reel assembly") | "in alignment" |
| *U.S. Patent No. 6,991,197 ("the '197 Patent")* | |
| **annular wall** | "ring-shaped wall disposed about a central axis" |
| **engage** | "in contact with" |
| **substantially perpendicular** | "approximately, near, or at a right angle" |
| **support ridges** | "vertical walls that provide support" |
| **support beam walls** | "walls of the long, rigid members or parts of the flange that are supported at each end and subject to bending stresses" |
| **beam wall** | plain and ordinary meaning |
| **web** | "wall on the flange" |
| **finger** | "elongated structure" |
| **alternatingly disposed in a circumferential direction** | "disposed in alternating, complementary fashion around the flange 14" |

**IT IS SO ORDERED.**

Signed: June 27, 2019

_____
Frank D. Whitney
Chief United States District Judge